No. 477

NATIONAL UTILITIES CO. v. TEXAS CO.

No. 19076. Supreme Court

On motion to certify. Dock. April 16, 1925, 3 Abs. 265.

Note:—Statement of the OA. Opinion in this case will be found in 3 Abs. 122.

191. BURDEN OF PROOF—Must party having burden, prove that there was sufficient authority to sign contract of guaranty by preponderance or by clear and convincing evidence?

587. GUARANTY—Must contract of, be for specified or fixed amount?

480. EVIDENCE — Does admittance of books of account not referred to in alleged guaranty, for purpose of determining amount of account covered by it, break parol evidence rule?

The Texas Company brought an action in the Franklin Common Pleas against the National Utilities Company on a guaranty signed by A. F. Berringer, vice-president of the Utilities Co. The guaranty was the alleged indebtedness of the Port Arthur Gas & Power Co. in which corporation the Utilities Co. had stock. The Power Co. purchased supplies from the Texas Co. who in turn purchased gas from the Power Co. for the operation of its own plant. Both Companies had mutual accounts, each enjoying a credit rating with the other. The Power Co. became indebted to the Texas Co. in December 1919, and in January 1920 in the amount of approximately $13,000 as fixed by one Lindeman, treasurer of the Texas Co.

The Texas Co. claimed that the consideration for the alleged guaranty was to be a forbearance on its part to bring suit against the Power Co. The Common Pleas rendered judgment in favor of the Texas Co. for $11,260.51 and it was held that the memorandum signed by Berringer was sufficient. The Court of Appeals, when error proceedings had been perfected, affirmed the judgment and modified it by a remittitur.

The Utilities Co. takes the case to the Supreme Court and contends that both courts erred, declaring that the memorandum must be complete in itself, and that resort may not be had to oral testimony to supply essential terms of the contract of guaranty and that no account books may be resorted to unless reference thereto be made in the memorandum. It is contended that the court erred in holding that amount of indebtedness could be established by reference to books of account of the Texas Co. supplemented with parol evidence as to how indebtedness was arrived at. The treasurer of the Texas Co. testified that the amount agreed to be guaranteed and for which he demanded a guaranty was $6800.

It is contended that a note, for $1800, given prior to the guaranty, should not have been included in the amount of recovery under such guaranty, said $1800 being admittedly outside of the subject-matter of the alleged contract of guaranty. It is also claimed that the trial court erred in charging that only a preponderance of the evidence was necessary to establish the authority of A. F. Berringer to sign the guaranty; while the Utilities Co. maintained that clear and convincing evidence was necessary to establish the authority. It is claimed that the Court erred in not allowing the Utilities Co. credit for $2229.32 for gas consumed by the Texas Co. This credit was allowed the receiver of the Port Arthur Power Co. for the gas bill, depriving the Utilities Co. of the benefit thereof.

Attorneys—J. C. Martin, Hogan, Hogan, Hogan & Hogan, for Utilities Co.; Arnold, Wright and Harlor, and T. K. Schmunck, for Texas Co. all of Columbus.